UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD SANDERS,

    Plaintiff,

v.                                                   Case No.: 13-12287

M. DAVENPORT, et al.,

    Defendants.

_____/

**OPINION AND ORDER DISMISSING
THE ACTION UNDER 28 U.S.C. § 1915**

    This is a state prisoner's *pro se* civil rights action. Plaintiff, Howard Sanders, is confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He has been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). He alleges that, after he violated a prison rule governing a school testing assignment, he was improperly placed on "00" (unemployable) status, which resulted in a loss of privileges. He asserts 42 U.S.C. § 1983 claims and tort claims for the alleged violation of his right to free speech. He names a prison teacher, "M. Davenport," a principal, "M. Dick," a deputy warden, "F. Artis," and the warden, "R. Hass," as the defendants, and sues them in their personal capacity. The complaint must be dismissed for failure to state a claim.

## I. DISCUSSION

    Under the Prison Litigation Reform Act ("PLRA"), the district court must *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim, or seeks money from a defendant

immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  To state a federal civil rights claim, a plaintiff must show that (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff asserts seven causes of action.  The first and seventh allege that Defendants retaliated against Plaintiff for exercising his First Amendment rights.  This is the main wrong alleged in the complaint.  Plaintiff says Defendant Davenport improperly recommended that Plaintiff be placed on "00" status for writing random answers on a school test and leaving a class after thirty minutes.  He says Defendants Dick, Artis, and Haas approved of Davenport's action, or failed to properly respond.

To establish a First Amendment retaliation claim, a prisoner must show that

(1) he was engaged in protected conduct, (2) an adverse action was taken against him "that would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) there is a causal connection between the first two elements. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The type of conduct that is constitutionally-protected is more limited in the prison setting:

> [I]t is generally much harder for a prisoner to show that his conduct is protected because prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern. *See Turner v. Safley*, 482 U.S. 78 (1987). Therefore, if a prisoner violates a legitimate prison regulation, he is not engaged in "protected conduct," and cannot proceed beyond step one [of the retaliation analysis].

*Thaddeus-X*, 175 F.3d at 395.

In this case, Plaintiff fails to allege facts which show that he engaged in constitutionally-protected conduct. A prisoner has no constitutionally-protected interest in participating in an educational program while in prison. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that a prisoner has no constitutional right to rehabilitation, education, or a job); *Carter v. Morgan*, 142 F.3d 432, 1998 WL 69810, *2 (6th Cir. 1998) (table); *Tribell v. Mills*, No. 93-5399, 1994 WL 235499, *1 (6th Cir. 1994) (table). Further, Plaintiff has no First Amendment right to take a test or to write random answers on a test and leave class after thirty minutes. *See, e.g., Bagetta v. Caruso*, No. 07-289, 2007 WL 1577830, *4 (W.D. Mich. 2007) (adopting magistrate judge's report dismissing retaliation claim because prisoner's refusal to accept a school assignment was not protected conduct). Plaintiff's pleadings show that he was placed on "00" status because he failed to properly participate in a school assignment, not

3

because he engaged in constitutionally-protected conduct.  The documents attached to Plaintiff's complaint show that his failure of proper participation violated a prison rule, which "essentially checkmates" his retaliation claim.  *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).  The claim fails.

Moreover, Plaintiff fails to state a claim as to Defendants Dick, Artis, and Haas because he has not alleged facts demonstrating their personal involvement in the actions giving rise to his complaint.  A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995).  Plaintiff has not done this.  His assertion that Dick, Artis, and Haas are vicariously liable for another employee's conduct, or somehow failed properly to respond to the situation, does not state a civil rights claim.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  He fails to state a claim against Dick, Artis, or Haas for this additional reason.

In his second and third causes of action, Plaintiff alleges that Davenport committed torts of "outrage" and "breach of fiduciary duty" based upon his conduct and status as an instructor.  Plaintiff cites no federal authority in support of these claims, and the court is aware of none.  Plaintiff thus fails to state a claim under § 1983.  At best such allegations are state-law tort claims.  The court, in its discretion, may consider a state claim after each federal claim is dismissed.  *United Mine Workers v. Gibb*, 383 U.S. 715, 725-26 (1966); *Province v. Cleveland Press*, 787 F.2d 1047, 1055 (6th Cir.

1986). The discretion, however, is narrow. *Province*, 787 F.2d at 1055. Only when there exist "overwhelming interests in judicial economy" may a district court exercise its discretion to decide a pendent state claim. *Id.* No such interests exist here. The court therefore declines to retain jurisdiction over Plaintiff's state-law claims.

In his fourth and fifth causes of action, Plaintiff alleges that Artis violated his due process rights by approving the "00" classification. It is established, however, that a prisoner has no constitutional right to a particular security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245, (1983); *Harbin Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). Consequently, "matters which adversely affect [a prisoner's] classification and qualification for institutional programs" raise "no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *see also Argue*, 80 F. App'x at 429 ; *Carter*, 1998 WL 69810 at *2; *Tribell*, 1994 WL 235499 at *1. Because Plaintiff has no right to a particular prison classification (or educational program), he cannot establish a due-process violation. Moreover, as has been discussed, Plaintiff states no claim for retaliation. Plaintiff was placed on "00" status for a valid reason. The due-process claims fail.

In his sixth cause of action, Plaintiff alleges that Dick violated his constitutional rights by failing to process or respond to grievances. To the extent Plaintiff alleges a violation of his right to seek redress from the government, his claim must be dismissed. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." Although a prisoner has a First Amendment right to file a grievance against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to

grant, or even respond to, the petition. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Moreover, a prisoner has no constitutionally-protected interest in an inmate grievance procedure, nor the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting authority). To the extent Plaintiff is dissatisfied with the investigation of his claims and the responses to his grievance, he fails to state a claim. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (holding that a prison's failure to investigate a grievance did not create a claim); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009). Lastly, as discussed, Plaintiff fails to state a retaliation claim against defendant Dick (or the other defendants).

The action must be dismissed.

## II. CONCLUSION

IT IS ORDERED that the federal-law portion of the action is DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. Jurisdiction over the state-law portion of the action is DECLINED. Plaintiff's motion for a temporary restraining order or a preliminary injunction [Dkt. # 5] is DENIED AS MOOT.[1]

---

[1] After the preparation of this order Plaintiff submitted an amended complaint and a motion to appoint counsel. The amended complaint supplements the first complaint by adding a new Defendant, "J. Rohrig." An action against Rohrig, a "grievance coordinator," fails for the same reasons that the action against Dick, Artis, and Haas fails. The amended complaint cures none of the defects discussed above. The motion to appoint counsel [Dk # 8] is DENIED AS MOOT.

An appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: September 11, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 11, 2013, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522